1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT, CDCR #V-42105,<br><br>                                    Plaintiff,<br><br><br>                    vs.<br><br><br>J. MARTINSON, et al.,<br><br><br>                                  Defendants. | Civil No.    10-1978 JLS (RBB)<br><br><br>**ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(a) AND 28 U.S.C. § 1915(e)(1) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FULL CIVIL FILING FEE**<br><br>**[Doc. Nos. 2, 3]** |

Plaintiff, an inmate currently incarcerated at Kern Valley State Prison in Delano, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff alleges prison officials at Centinela State Prison violated his Eighth and Fourteenth Amendment rights by using excessive force against him on April 21, 2009, and by failing to properly address his administrative grievances regarding the incident. *See* Compl. at 3-6.

1    Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

2  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

3  [Doc. No. 2], as well as a Motion for Appointment of Counsel [Doc. No. 3].

4                                    **I.**

5                       **MOTION TO PROCEED IFP**

6        All parties instituting any civil action, suit or proceeding in a district court of the United

7  States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

8  U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is

9  granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See*

10  *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176,

11  1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file

12  IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is

13  ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)

14  (citing 28 U.S.C. § 1915(b)(1) & (2)).

15        In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also

16  submit a "certified copy of the trust fund account statement (or institutional equivalent) for the

17  prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C.

18  § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment

19  of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

20  average monthly balance in the account for the past six months, whichever is greater, unless the

21  prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter,

22  the institution having custody of the prisoner must collect subsequent payments, assessed at 20%

23  of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

24  forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.

25  § 1915(b)(2).

26        While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C.

27  § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-

28  month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2);

1   S.D. CAL. CIVLR 3.2.  Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

2   civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund

3   account statement (or institutional equivalent) ... for the 6-month period immediately preceding

4   the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

5        Without Plaintiff's trust account statement, the Court is simply unable to assess the

6   appropriate amount of the filing fee which is statutorily required to initiate the prosecution of

7   this action.  *See* 28 U.S.C. § 1915(b)(1).

8        Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

9                          **II.**

10            **MOTION FOR APPOINTMENT OF COUNSEL**

11        Plaintiff has also filed a motion for appointment of counsel in this matter.  Generally,

12   there is no right to counsel in a civil action.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)

13   (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).   Under "exceptional

14   circumstances," however, a court may exercise its discretion under another provision of the IFP

15   statute and "request an attorney to represent any person *unable to afford* counsel."  28 U.S.C.

16   § 1915(e)(2) (emphasis added); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.

17   2004) (under "exceptional circumstances" court may appoint counsel for indigent civil litigants).

18        Here, Plaintiff has been denied IFP status because his failure to provide a certified copy

19   of his prison trust account statement prevents the Court from determining whether he is

20   sufficiently impoverished to justify commencement of a civil action without full payment of the

21   $350 filing fee.  Likewise, Plaintiff's motion for appointment of counsel does not demonstrate

22   that he is "unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1).  Nor does it show the

23   "exceptional circumstances" which must exist in order to justify such an appointment.  *See*

24   *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Wilborn*

25   *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

26        Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED without

27   prejudice.

28   / / /

### III.

#### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Plaintiff's Motion to Proceed IFP [Doc. No. 2] and Motion for Appointment of Counsel [Doc. No. 3] are **DENIED**.

(2)     This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(3)     Plaintiff is **GRANTED** an additional forty five (45) days from the date this Order is Filed to either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter.  If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his prison trust account statement within 45 days*, this action shall remained closed without further Order of the Court.[1]

DATED:  October 29, 2010

*Janis L. Sammartino*
_____
Honorable Janis L. Sammartino
United States District Judge

---

[1]  Plaintiff is cautioned that if he chooses to proceed further by either paying the full civil filing fee required by 28 U.S.C. § 1914(a), or sufficiently moving to proceed IFP, his Complaint will be screened by the Court and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b) regardless of payment or fee status. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, __ F.3d __, 2010 WL 3489777 at *1 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints).  Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").