# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT, CDCR #V-42105,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J. MARTINSON; DOMINGO URIBE, Jr.; D. DAVIS; J. SAIS; L. CALDERON; D. FOSTON; L. VALENZUELA,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 10CV1978 JLS (RBB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF Nos. 20, 29) |

　　　　Presently before the Court is Defendants D. Uribe Jr., L. Calderon, L. Valenzuela, J. Sais, D. Foston, and J. Martinson's (collectively, "Defendants") motion to dismiss Plaintiff Jawanta J. Lambert's ("Plaintiff") complaint. (Mot. to Dismiss, ECF No. 20) Also before the Court are Magistrate Judge Ruben B. Brooks's Report and Recommendation ("R&R") recommending the Court grant in part and deny in part Defendants' motion, (R&R, ECF No. 29), Defendants' notice of non-objection to the R&R, (Not. Non-Obj., ECF No. 30), and Plaintiff's objections to the R&R, (Obj., ECF No. 34).[1]

---

[1] Magistrate Judge Brooks ordered the parties to file any objections to the R&R "on or before January 6, 2012." (R&R 24, ECF No. 29) On January 3, 2012, and again on January 25, 2012, Plaintiff filed motions for extension of time to file objections to the R&R. (Mot. for Extension of Time, ECF No. 31; Mot. for Extension of Time, ECF No. 32) On January 26, 2012, the Court granted Plaintiff's motions, extending the deadline to file objections to February 23, 2012. (Order, Jan. 26, 2012, ECF No. 33) Plaintiff's objections were timely filed on February 13, 2012. (Obj., ECF No. 34)

1    Magistrate Judge Brooks's R&R contains a thorough and accurate recitation of the
2 procedural history and facts underlying Plaintiff's pro se 42 U.S.C. § 1983 complaint. (R&R 1–4,
3 ECF No. 29) This Order incorporates by reference the facts as set forth in the R&R. In short, the
4 present dispute arises out of an alleged excessive use of force by Defendant Martinson during an
5 April 21, 2009, encounter with Plaintiff. (Compl. 3, ECF No. 1) Martinson began by using
6 verbally abusive language to address Plaintiff. Eventually, Martinson ordered Plaintiff to "cuff
7 up," and Plaintiff stood with his back to Martinson and with his arms at his sides. (*Id.*) At this
8 point, Martinson physically harmed Plaintiff by yanking him to the floor and bending his arm
9 behind his back until his shoulder popped. He continued to use excessive force by slamming
10 Plaintiff down on a table and kicking him repeatedly. (*Id.*)

## LEGAL STANDARD

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

# ANALYSIS

**1. Defendant Valenzuela**

Magistrate Judge Brooks recommended that the claim against Valenzuela be dismissed with prejudice because no substantive allegations were directed against him and because Plaintiff did not oppose the motion to dismiss Valenzuela. (R&R 9, ECF No. 29) Plaintiff does not object to this portion of the R&R. (*See* Obj., ECF No. 34) Having reviewed the R&R as to Valenzuela, the Court finds that it is thorough, well reasoned, and contains no clear error; accordingly, the Court **ADOPTS** this portion of the R&R.

**2. Count One: Defendant Martinson**

*A. Summary of the R&R's Conclusions*

Magistrate Judge Brooks recommended that claim one against Martinson be dismissed without prejudice because Plaintiff had "not pleaded that Defendant exerted an unnecessary and wanton infliction of pain sufficient to satisfy the malicious and sadistic standard." (R&R 13, ECF No. 29) Specifically, the R&R determined that although Plaintiff sufficiently alleged facts pertaining to the extent of his injuries and the need for the use of force, "there [was] insufficient information to determine whether the need for force was disproportionate to the amount of force actually used by Sergeant Martinson[, and] . . . Lambert fail[ed] to argue that there was a lack of perceived threat or, . . . that Defendant did not minimize the force used in response." (*Id.* at 12–13)

*B. Objections to the R&R's Conclusions*

Plaintiff objects to the R&R, arguing that Magistrate Judge Brooks impermissibly applied a heightened pleading requirement to his excessive force claim against Martinson. (Obj. 3–4, 7–9, ECF No. 34) He contends that the reasoning of the R&R requires Plaintiff "to clarify and render an opinion, with respect to Defendant Martinson's [MENS REA] preceding, during and after the incident." (*Id.* at 7 (brackets in original)) Though not alleged in the complaint, Plaintiff indicates in his objections that Martinson's unlawful force was motivated by Plaintiff's acts of "(i) . . . returning from his cell after obtaining his I.D. card, in order, to proceed to the dining hall; and (ii) . . . request[ing] a cell-search notice/receipt." (*Id.* at 8)

*C. Analysis*

An inmate has an Eighth Amendment right to be free from excessive use of force. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986). In order to state an excessive force claim, the prisoner must demonstrate that the defendant "maliciously and sadistically" inflicted pain "for the very purpose of causing harm." *Id.* at 320–21. The Supreme Court has set forth five factors to determine whether a defendant has used excessive force in the prison context: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Court considers each factor in turn.

Magistrate Judge Brooks concluded and the Court agrees that Plaintiff alleges sufficient facts pertaining to the first factor—namely, the extent of Plaintiff's injury. Plaintiff alleges that he suffered extensive physical injuries as well as emotional and mental distress. (Compl. 3, ECF No. 1) This is sufficient to meet the first factor. *See Hudson*, 503 U.S. at 9.

As to the need for force, however, the Court finds that there is insufficient information concerning the circumstances preceding Martinson's order for Plaintiff to "cuff up" to determine the need for application of force in this situation.[2] Plaintiff has alleged no facts "illustrating the context surrounding the incident . . . [or] describ[ing] what events preceded [Martinson's] verbally abusive statements, or why Martinson needed to escort Lambert in handcuffs to the program office in the first place." (R&R 12, ECF No. 29) Although Plaintiff asserts that he complied with Martinson's order to cuff up "by standing with his back to Defendant Martinson . . . with his arms at his sides" such that he posed no threat to Martinson, (Compl. 3, ECF No. 1), the lack of information about the surrounding circumstances leaves the Court guessing at whether there was a

---

[2] To the extent Magistrate Judge Brooks determined that Plaintiff had alleged sufficient facts as to the second factor, the Court declines to adopt that portion of the R&R. Although the R&R found "there was no need for the application of force because [Plaintiff] complied with Defendant's orders to 'cuff up,'" (R&R 12, ECF No. 29), this determination is inconsistent with the R&R's finding that there was "insufficient information to determine whether the need for force was disproportionate to the amount of force actually used," (*id.* at 12–13). If Plaintiff alleged no need for force, then the level of force Martinson used was clearly disproportionate to the need for force.

need for force despite Plaintiff's demeanor after being told to cuff up.

As Magistrate Judge Brooks concluded, the remaining three factors are all also deficient for the same reason. (R&R 12–13, ECF No. 29) Without additional details regarding what precipitated this event, Plaintiff's complaint fails to allege an excessive force claim. Contrary to Plaintiff's assertion, requiring these additional allegations does not amount to a "heightened pleading standard." (Obj. 3, ECF No. 34) Plaintiff need not speculate as to Martinson's mental state, but must paint a clearer, more comprehensive picture of the incident in order to withstand a motion to dismiss.[3]

Accordingly, the Court **OVERRULES** Plaintiff's objection to the R&R on this basis and **ADOPTS** Magistrate Judge Brooks's recommendation that the complaint be **DISMISSED WITHOUT PREJUDICE** as to Defendant Martinson.

**3. Counts Two and Three: Defendants Uribe, Sais, Calderon, and Foston**[4]

*A. Summary of the R&R's Conclusions*

Magistrate Judge Brooks recommended that the second count against Defendant Uribe be dismissed without prejudice because Plaintiff did not provide "any specific facts suggesting a causal connection between [Uribe's] general failure to take disciplinary action or investigate and Martinson's excessive force against Plaintiff on April 21, 2009." (R&R 15, ECF No. 29) This conclusion was based in part on the fact that Plaintiff did "not allege facts showing that Martinson's misconduct was a pattern and that the pattern was known to Uribe." (*Id.*)

The R&R further recommends that count three against Defendants Sais, Calderon, Uribe, and Foston be dismissed without prejudice because Plaintiff has not sufficiently pleaded either a

---

[3] In his objections, Plaintiff adds facts indicating that Martinson's use of force was prompted by Plaintiff's "returning from his cell after obtaining his I.D. card, in order, to proceed to the dining hall," and "request[ing] a cell-search notice/receipt." (Obj. 8, ECF No. 24) Even assuming the truth of these allegations and that they are sufficient to cure the noted deficiencies of Plaintiff's complaint, these factual allegations were raised for the first time in Plaintiff's objections, and cannot cure the deficiencies of the complaint. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

[4] Count Two asserts an Eighth Amendment violation against Defendant Uribe only, and Count Three asserts a procedural due process and deliberate indifference claim against Defendants Uribe, Sais, Calderon and Foston. (Compl. 4–6, ECF No. 1) Plaintiff's objections to the R&R with regard to these counts are grouped together and do not distinguish between the four Defendants. (*See* Obj. 13–22, ECF No. 34) The Court therefore considers the counts together here.

1 procedural due process violation or a claim for deliberate indifference. (*Id.* at 18–20) As to
2 procedural due process, Magistrate Judge Brooks determined that Plaintiff had not "provide[d] any
3 facts demonstrating why the first and second levels of review of his grievance were not 'thorough'
4 or 'impartial,'" or what role any of the named Defendants played in any due process violation. (*Id.*
5 at 19) As to deliberate indifference, the R&R concluded that Plaintiff could not "sustain a
6 deliberate indifference cause of action based on Defendants' denial of his appeals." (*Id.* at 20)

**B. Objections to the R&R's Conclusions**

Plaintiff objects to the R&R, arguing that these four Defendants had first-hand knowledge of Martinson's use of force against Plaintiff, and yet failed to investigate the incident. (Obj. 14, ECF No. 34) He contends that they each had a "legal duty to investigate," but in an effort to cover up the incident, did not interview a single observing witness and falsified or omitted information from the staff complaint reports. (*Id.*) Further, Plaintiff asserts that prison staff engage in a "pattern of excessive force." (*Id.* at 18)

**C. Analysis**

*(1) Count Two*

As explained, an inmate has an Eighth Amendment right to be free from excessive use of force. *See Whitley*, 475 U.S. at 320. In general, however, to state a claim under § 1983 for a violation of this right, the complaint must allege that each defendant personally participated in the constitutional deprivation or "set[] in motion a series of acts by others which the actor [knew] or reasonably should [have] know[n] would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). To establish the requisite causal connection, the complaint must establish that the defendant set in motion a series of acts by others, or knowingly refused to terminate acts by others, which the defendant knew or should have known would result in a constitutional injury. *Id.* at 1207–08 (citing *Redman v. Cnty. of San Diego*, 942 F.2d 1435,

1447 (9th Cir. 1991); *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001)).

Here, as to Count Two against Defendant Uribe, the complaint alleges that he is the prison warden and that as such he is legally responsible for the operations and welfare of the prison inmates. (Compl. 4, ECF No. 1) Plaintiff further alleges that there was a "know[n] pattern of physical, verbal and emotional abuse of inmates" at the hands of Defendant Martinson, but that Uribe failed to take disciplinary action against Martinson or to investigate the veracity of Plaintiff's allegations against him. (*Id.*) As the R&R found, however, Plaintiff has not provided enough information to establish a causal connection between Uribe's wrongful conduct in failing to take disciplinary action or to investigate Plaintiff's allegations against Martinson, and Martinson's alleged use of excessive force. (R&R 15–16, ECF No. 29) Plaintiff provides no factual support for his conclusory allegation that Martinson has a "know[n] pattern of physical, verbal and emotional abuse of inmates." (Compl. 4, ECF No. 1) Moreover, there is no support for the claim that Uribe knew of Martinson's tendency to use excessive force against prisoners.

Plaintiff's objections do nothing to save the complaint from dismissal. Even assuming the truth of Plaintiff's allegations that Uribe did nothing to discipline or investigate this instance of Martinson's excessive use of force, Plaintiff has not established any pattern by Martinson known to Uribe such that Uribe had a duty to terminate Martinson's actions before they caused Plaintiff's constitutional injury. Accordingly, Plaintiff's objections on this basis are **OVERRULED**, and the Court **ADOPTS** the R&R's recommendation that Count Two against Defendant Uribe be **DISMISSED WITHOUT PREJUDICE**.

*(2) Count Three*

In Count Three, Plaintiff contends that Defendants Uribe, Sais, Calderon, and Foston violated his right to procedural due process and acted with deliberate indifference. (Compl. 5–6, ECF No. 1) As to the due process claim, Plaintiff claims that his due process rights were denied by Defendants' failure to properly process his administrative grievances. (*Id.*) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to

invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected property interest in an inmate grievance procedure arising from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the Due Process Clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure").

In addition, Plaintiff has failed to plead facts sufficient to show that any prison official deprived him of a protected liberty interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223–27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Neal v. Shimoda*, 131 F.3d 818, 827–28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievance amounted to a restraint on his freedom not contemplated by his original sentence or how it resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 484.

Accordingly, Plaintiff has failed to state a claim for a due process violation as against any of the Defendants. The Court therefore **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** the due process claim against Defendants Uribe, Sais, Calderon, and Foston.

As to the deliberate indifference claim, a defendant's denial of an administrative grievance "does not cause or contribute to the underlying violation." *Nguyen v. Biter*, No. 11-cv-809, 2011 U.S. Dist. LEXIS 117110, at *5 (E.D. Cal. Oct. 11, 2011) (citing *George v. Smith*, 507 F.3d 605, 609–10 (9th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations

1 are responsible. . . . Ruling against a prisoner on an administrative complaint does not cause or
2 contribute to the violation.  A guard who stands and watches while another guard beats a prisoner
3 violates the Constitution; a guard who rejects an administrative complaint about a completed act of
4 misconduct does not." (citations omitted)).  Although the complaint alleges that Defendants'
5 denial of Plaintiff's administrative appeal communicates to prison staff that unnecessary and
6 excessive force will be tolerated, (Compl. 5, ECF No. 1), he does not go so far as to allege that
7 Defendants caused or contributed to the underlying violation here—namely, Martinson's allegedly
8 excessive use of force.  As such, Plaintiff has failed to state a deliberate indifference claim in
9 Count Three.

10 Plaintiff contends in his objections, however, that Defendants "enga[g]ed in a[n] out-of-
11 control pattern of tampering with evidence, suppressing evidence, and obstructing justice,
12 including, not interviewing inmate witnesses, with respect to incident(s) of staff brutality." (Obj.
13 18, ECF No. 34)  These allegations were asserted for the first time in Plaintiff's objections, and as
14 such cannot cure the deficiencies of the complaint. *See, e.g.*, *Schneider*, 151 F.3d at 1197 n.1.
15 Even considering these allegations, however, they are merely conclusory and lack sufficient
16 factual detail to demonstrate that Defendants caused or contributed to Martinson's excessive use of
17 force.

18 Accordingly, Plaintiff's objections on this basis are **OVERRULED**.  The Court **ADOPTS**
19 the R&R and **DISMISSES WITHOUT PREJUDICE** the deliberate indifference claim against
20 Defendants Uribe, Sais, Calderon, and Foston.

21 **4. Qualified Immunity**

22 Finally, the R&R denied Defendants' motion to dismiss on the basis of qualified immunity
23 as being premature.  (R&R 21–24, ECF No. 29)  Magistrate Judge Brooks reasoned that because
24 the claims against Defendants Martinson, Sais, Calderon, Uribe, and Foston are being dismissed
25 with leave to amend, "any discussion of qualified immunity is premature until, and if, the Plaintiff
26 amends his Complaint."  (*Id.* at 23)  The Court construes Plaintiff's objections—which argue that
27 Defendants are not entitled to qualified immunity because they had "fair warning" that their
28 actions were unconstitutional (Obj. 9, ECF No. 34)—as objecting to Magistrate Judge Brooks's

decision not to determine whether Defendants are entitled to qualified immunity at this stage.

Although there is no categorical rule that qualified immunity cannot be decided at the motion to dismiss stage of the litigation, the Court agrees with Magistrate Judge Brooks's decision to postpone the qualified immunity analysis here.  The Court is dismissing Plaintiff's complaint largely in light of the sparsity of factual allegations; Plaintiff is given an opportunity to amend in order to bolster his claims by providing a more detailed factual context.  For the same reasons, it would be premature to decide qualified immunity here, without more information regarding the factual circumstances that might bear on the Court's qualified immunity analysis.   Thus, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss on the basis of qualified immunity.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R.  Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to Defendant Valenzuela, and is **DISMISSED WITHOUT PREJUDICE** as to all other Defendants.  The motion to dismiss on the basis of qualified immunity is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 12, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge