# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT, CDCR #V-42105,<br><br>    Plaintiff,<br><br>vs.<br><br>J. MARTISON; DOMINGO URIBE, Jr.; D. DAVIS; J. SAIS; L. CALDERON; and D. FOSTON,<br><br>    Defendants. | CASE NO. 10-CV-1978 JLS (MDD)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 43) |

Presently before the Court is Plaintiff Jawanta J. Lambert's ("Plaintiff") Motion for Appointment of Counsel. (ECF No. 43.) Plaintiff contends that the complex nature of his case, as well as limited access to legal materials or the help of other inmates, has made it difficult for him to proceed *pro se*.

While there is no right to counsel in a civil action, a court may, under "exceptional circumstances," exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation

of both 'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Applying these standards, the Court finds that Plaintiff has not satisfied the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1). Plaintiff's allegations in the present motion do not address, much less establish, a likelihood of prevailing on the merits. And while the Court is sympathetic to the difficulties prisoners face in preparing and filing legal documents and conducting discovery, these considerations alone do not render the legal issues themselves complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (holding that discovery concerns and difficulty preparing motions do not constitute complex legal issues). Accordingly, Plaintiff's Motion for Appointment of Counsel must be **DENIED** at this time **WITHOUT PREJUDICE**.

However, the Court notes that, pursuant to General Order 596, which adopted a Plan for the Representation of *Pro se* Litigants in Civil Cases, "the Court may appoint counsel for purposes of trial as a matter of course in each prisoner civil rights case where summary judgment has been denied." S.D. Cal. General Order No. 596. Accordingly, Plaintiff may file a renewed motion for appointment of counsel at an appropriate time prior to commencement of trial.

///
///
///
///
///

The Court further notes that Plaintiff's claims against all Defendants except for Defendant L. Valenzuela were dismissed without prejudice; the case, however, remains closed. (Order, ECF No. 36.) The Court informs Plaintiff that he may file an amended complaint if he so desires.

**IT IS SO ORDERED**.

DATED: September 20, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge