# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT,<br><br>                    Plaintiff,<br>v.<br>J. MARTINSON; et al.,<br><br>                    Defendants. | Case No.: 10cv1978-JLS (RBB)<br><br>**ORDER DENYING MOTION TO INVALIDATE [ECF NO. 77] AND GRANTING MOTION TO COMPEL DISCOVERY AND DEEM REQUESTS FOR ADMISSION ADMITTED [ECF NO. 84]** |

    Plaintiff Jawanta J. Lambert ("Lambert"), a state prisoner proceeding pro se and in forma pauperis, submitted a "Motion to Invalidate Defendant J. Martinson's Request for Production of Documents, Set One, Special Interrogatories, Set One, and Request for Admissions, Set One, for Failure to Properly Serve Plaintiff" (the "Motion to Invalidate"), which was filed nunc pro tunc to September 28, 2015 [ECF Nos. 7, 77]. On October 6, 2015, Defendant J. Martinson ("Martinson") filed an "Opposition to Plaintiff's Motion to Invalidate Discovery" (the "Opposition") with a declaration of Gabrielle Nield and several exhibits [ECF No. 78]. Lambert filed a Reply along with an exhibit on October 26, 2015 [ECF No. 80]. On December 9, 2015, Martinson filed a "Motion to Compel Discovery and Deem Requests for Admission Admitted" (the "Motion to Compel") with a declaration of Gabrielle Nield and multiple exhibits [ECF No. 84]. Neither an opposition to nor a reply in support of the Motion to Compel was filed.

1  For the reasons discussed below, the Motion to Invalidate [ECF No. 77] is
2  **DENIED** and the Motion to Compel [ECF No. 84] is **GRANTED**.

### I.  FACTUAL BACKGROUND

The events giving rise to this lawsuit took place while Plaintiff was incarcerated at Centinela State Prison.  (Second Am. Compl. 1, ECF No. 63.)[1]  Lambert contends that while leaving his cell on April 21, 2009, he realized that he had forgotten his identification card.  (Id. at 3.)  After retrieving his identification from his cell, Plaintiff alleges that he "encountered Defendant J. Martinson who began to address Plaintiff using derogatory references in an abusive and contemptious [sic] manner."  (Id.)  Lambert states that he told Defendant Martinson that his conduct was unreasonable, and then Plaintiff proceeded to evening meal services.  (Id.)

Plaintiff asserts that when he returned from dinner, his cell had been "vandalized" and several items of his personal property had been removed.  (Id.)  Lambert told officers on duty about this incident, but the officers stated they knew nothing about it.  (Id.)  Plaintiff contends that "[a]t this point Martinson returned to the unit and immediately resumed his verbally abusive behavior[,]" claiming responsibility for raiding Lambert's cell and taking his property.  (Id.)  Plaintiff maintains that he asked Defendant in "a non-threatening demeanor" for a cell-search receipt for the property that was removed from Lambert's cell, but the request "seemed to inflame Martinson even more."  (Id.)  Defendant purportedly ordered that Lambert be put in handcuffs so that he could be taken to the program office to obtain a cell-search receipt.  (Id.)  Responding to this order, Plaintiff alleges that he "maintained compliance by standing with his back to Martinson and with his arms at his sides."  (Id.)  Lambert contends that despite his compliance, Defendant used an excessive amount of physical force against him "by violently yanking Plaintiff's arm without provocation in a way that caused Plaintiff to experience physical

---

[1] The Court will cite to documents as paginated on the electronic case filing system.

pain and to lose equilibrium and fall toward the stationary steel table that was directly in front of the Plaintiff." (Id.)

Lambert asserts that before he could recover, Martinson aggressively grabbed him from behind in a "bear-hug," lifted him up, and body slammed him to the ground. (Id. at 3-4.) Defendant then grabbed Plaintiff's wrist and bent his "arm up his back until Plaintiff heard his shoulder pop and cried out in pain helplessly." (Id. at 4.) Lambert states that Martinson pulled him back to his feet and then slammed him down onto a steel table, causing Plaintiff to strike his head. (Id.) Plaintiff was then handcuffed and again brought to his feet. (Id.) Once standing, Lambert maintains that he "was repeatedly kicked with booted feet by Defendant until Plaintiff fell to the floor dazed and in severe pain." (Id.) As a result of this encounter, Lambert complains that he experienced severe pain in his back, shoulder, and knee, as well as emotional and mental distress. (Id.) He demands $500,000 in damages. (Id. at 7.)

## II. PROCEDURAL BACKGROUND

Defendants Uribe, Calderon, Valenzuela, Sais, Foston, and Martinson moved to dismiss Plaintiff's initial complaint on May 9, 2011 [ECF No. 20]. On December 7, 2011, this Court issued a report and recommendation that Defendants' motion to dismiss be granted in part and denied in part [ECF No. 29]. United States District Court Judge Janis L. Sammartino issued an order adopting the report and recommendation on March 12, 2012 [ECF No. 36]. Lambert filed a motion for reconsideration of that order [ECF No. 38] which was denied on March 14, 2013 [ECF No. 40]. On May 21, 2014, Plaintiff filed his First Amended Complaint [ECF No. 46]. Defendants Uribe, Calderon, Sais, Foston, and Martinson moved to dismiss Lambert's First Amended Complaint on June 4, 2014 [ECF No. 47], and this Court issued a report and recommendation that Defendants' motion be granted in part and denied in part [ECF No. 53]. Judge Sammartino adopted this report and recommendation on February 26, 2015 [ECF No. 61], and Plaintiff filed his Second Amended Complaint on April 24, 2015 [ECF No. 63]. Defendant Martinson answered on May 8, 2015 [ECF No. 65].

1 On August 11, 2015, Martinson mailed seven requests for production, ten special
2 interrogatories, and twenty-three requests for admissions to Lambert.  (See Mot. Compel
3 Attach #2 Decl. DeSantis Nield Ex. A, at 5-8, ECF No. 84; id. Ex. B, at 9-13; id. Ex. C,
4 at 14-18.)  On September 22, 2015, Lambert responded with what he described as a
5 motion to invalidate Defendant's discovery [ECF No. 77].  Combined with his
6 Opposition to Plaintiff's Motion to Invalidate, Martinson filed a "Request for Extension
7 of Time to File Motion to Compel" [ECF No. 78].  The Court severed this request from
8 the Opposition and set a new deadline of December 9, 2015, for Defendant to file a
9 motion to compel.  (Mins. 1, Oct. 13, 2015, ECF No. 79.)  Lambert filed his Reply in
10 support of his Motion to Invalidate on October 26, 2015 [ECF No. 80], and Martinson
11 filed the Motion to Compel on December 9, 2015 [ECF No. 84].  Plaintiff did not file an
12 opposition to Defendant's Motion to Compel.  Instead, on January 4, 2016, Lambert
13 served on Defendant and submitted to the Court "Plaintiff's Responses to Requests for
14 Admissions Propounded by Defendant J. Martinson (Set One); Verification in Support
15 Thereof," which was rejected for filing because discovery documents are not filed.  (See
16 Notice Doc. Discrepancy 1, ECF No. 90; id. Attach. #1 Pl.'s Responses 10.)

### III.  LEGAL STANDARD

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at trial to be discoverable.  Id.  Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–51 (1978) (footnote omitted) (discussing relevance to a claim or defense, although decided under 1978 version of Rule 26 that authorized discovery relevant to the subject matter of the action (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947))).  Rule 37 of the Federal Rules of Civil Procedure authorizes the propounding party to bring a motion to compel responses

to discovery. Fed. R. Civ. P. 37(a)(3)(B). The party opposing discovery bears the burden of resisting disclosure. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

## IV. DISCUSSION

### A. Motion to Invalidate

In the Motion to Invalidate, Plaintiff maintains that he was not properly served with Defendant's requests for production of documents, special interrogatories, or requests for admissions. (Mot. Invalidate 1-2, ECF No. 77.) Specifically, Lambert appears to assert that the August 11, 2015 service of these requests was improper and that he was not actually served until September 22, 2015, when these requests were hand delivered to him by a correctional counselor. (Id. at 1.) Plaintiff seems to contend that the August 11, 2015 service was improper because defense counsel never actually placed these requests in the mail, despite the certificate of service saying she did so. (See id. at 2.) Lambert supposes that "[r]ather than depositing the documents with the U.S. Postal Service, addressed to the Plaintiff's address on file, counsel for Defendants e-mailed the documents to a third party, unsealed, causing Plaintiff to go unserved, and [be] subject to sanctions because of it." (Id.) Lambert asks that the Court declare service of these discovery requests invalid and "restore Plaintiff's rights to raise objections to further request[s]," (id.)

Martinson responds in the Opposition that the August 11, 2015 service was proper. (Opp'n 2, ECF No. 78.) Defendant explains that under Federal Rule of Civil Procedure 5, "[s]ervice was . . . complete, when Defendant mailed the discovery on August 11, 2015. Plaintiff has provided no reason to question that the discovery was indeed sent on that date as set forth in the Certificate of Service." (Id. at 3.)

In the Reply, Lambert contends that he "at no time received properly filed/served discovery requests." (Reply 2, ECF No. 80.) He further asserts that he did not know of these discovery requests until he received a meet-and-confer letter from Martinson on September 22, 2015. (Id.) Lambert complains that "Defendants have a history of serving discovery requests document [sic] improperly upon plaintiff via e-mail with false

1 'certificate of service' included[.]" (Id.) Plaintiff alleges that the discovery requests
2 from Defendant never came in the mail, (id. (citing id. Ex. A, at 5)), and attached a "Mail
3 Card (CDCR FORM 119)" to his Reply, showing all the mail that he received and sent
4 from July 14, 2015, to October 19, 2015, (see id. Ex. A, at 5.) Lambert concludes that his
5 failure to respond to Martinson's discovery requests was not his fault, asks that
6 Defendant's first set of discovery be invalidated, and seeks an order that he be allowed
7 "to retain his rights to objections and to deny admissions." (Id. at 3.)

8     "[S]ervice of discovery is governed by Rule 5 of the Federal Rules of Civil
9 Procedure . . . ." Edeh v. Equifax Info. Servs., LLC, Civil No. 11–2671 (SRN/JSM),
10 2013 WL 1749912, at *15 (D. Minn. Apr. 23, 2013). Rule 5 has many options for
11 effecting service of discovery requests. See Fed. R. Civ. P. 5(b)(2)(A)-(F). Notably,
12 service of a discovery request is complete by "mailing it to the person's last known
13 address--in which event service is complete upon mailing." Id.(b)(2)(C). A discovery
14 request is also properly served under Rule 5 "by . . . handing it to the person."
15 Id.(b)(2)(A); see also e360 Insight v. The Spamhaus Project, 500 F.3d 594, 601 (7th Cir.
16 2007) ("In-hand delivery is . . . a specifically approved method of service under the
17 Rules.").

18     Here, it appears that Defendant complied with Rule 5 by mailing his discovery
19 requests to Plaintiff's address of record as of August 11, 2015. (Compare Opp'n Attach
20 #1 Decl. DeSantis Nield Ex. D, at 19, ECF No. 78, with Notice Change Address 1, ECF
21 No. 72.) But even accepting as true Lambert's statement that the August 11, 2015 service
22 never reached him, by Plaintiff's own admission, a third party hand delivered
23 Martinson's discovery requests to him on September 22, 2015. (See Mot. Invalidate 1,
24 ECF No. 77.) This subsequent hand delivery was proper service under the Federal Rules
25 of Civil Procedure, see Fed. R. Civ. P. 5(b)(2)(A); e360 Insight, 500 F.3d at 601, and
26 Lambert does not argue otherwise. Without more from the Plaintiff, this Court cannot

1 conclude that Defendant's discovery requests should be invalidated on the basis of
2 improper service.
3    Accordingly, Lambert's Motion to Invalidate [ECF No. 77] is **DENIED**.
4 **B. Motion to Compel**
5    In the Motion to Compel, Martinson argues that during meet-and-confer efforts
6 with Plaintiff, Lambert admitted that he had not responded to the discovery requests, but
7 asserted that he had not had access to a pen or paper for some time.  (Mot. Compel
8 Attach. #1 Mem. P. & A. 3, ECF No. 84 (citation omitted).)  Defendant contends,
9 however, that the litigation coordinator for the prison contradicted this assertion by
10 stating that Lambert does have access to pens and paper.  (Id. at 3-4, 6 (citation omitted).)
11    Plaintiff's claims are undermined by his actions.  On September 22, 2015, the same
12 day Defendant's discovery requests were hand delivered to Lambert, he completed his
13 Motion to Invalidate, served it on opposing counsel, and mailed it to the Court.  (See
14 Mot. Invalidate 3, ECF No. 77.)  Furthermore, on October 22, 2015, days before
15 Plaintiff's discovery responses were due, he mailed his Reply in Support of the Motion to
16 Invalidate to opposing counsel and the Court.  (See Reply 3, 6, ECF No. 80.)  Lambert's
17 claim that he did not respond to discovery because he did not have a pen or paper is not
18 credible.
19    Martinson maintains that "[t]o date [December 9, 2015], no response to any of
20 Defendant J. Martinson's discovery requests has been received[,]" (id. at 4 (citation
21 omitted)), and reiterates that service of these discovery requests was properly effected on
22 August 11, 2015, (id. at 4-5.)  In any event, Defendant states that "the absolute latest date
23 that Plaintiff received discovery requests was September 22, 2015.  More than 75 days
24 have elapsed since September 22, 2015 and Plaintiff still has not made any attempt to
25 respond to discovery."  (Id. at 6.)  Martinson argues that Lambert's failure to respond to
26 this discovery waives any objections and results in the requests for admissions being
27 admitted.  (Id. at 6, 7-8.)  He asks this Court to enter an order requiring Plaintiff "to (1)
28 respond fully to Defendant's interrogatories and document requests within 15 days of the

Court's order and (2) deem Defendant J. Martinson's Requests for Admission admitted." (Id. at 8.) As mentioned above, neither an opposition to, nor a reply in support of, the Motion to Compel was filed.

### 1. Interrogatories and requests for production

The Federal Rules instruct that parties must respond to interrogatories and requests for production within thirty days of service. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). When a party fails to provide any response or objection to interrogatories or document requests, courts deem all objections waived and grant a motion to compel. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding that a party who failed to timely object to interrogatories and document production requests waived any objections); 7 James Wm. Moore, et al., Moore's Federal Practice, § 33.174[2], at 33–106, § 34.13[2][a], at 34–56 to 34–56.1 (3d ed. 2015).

As discussed above, the Court need not resolve whether the discovery requests were properly served on August 11, 2015. Regardless, the Court is satisfied that the in-hand delivery of Defendant's discovery requests to Lambert on September 22, 2015, was proper under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 5(b)(2)(A); e360 Insight, 500 F.3d at 601. At the latest, Plaintiff was required to respond within thirty days of September 22, 2015. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

In the Motion to Compel, Martinson asserts that as of December 9, 2015, he had not received responses to his interrogatories or requests for production. (See Mot. Compel Attach. #1 Mem. P. & A. 4, ECF No. 84 (citation omitted).) Lambert did not file an opposition to the Motion to Compel and thus does not argue that he provided timely responses to the discovery requests. Because Defendant's Motion to Compel was filed well past the thirty-day deadline for Lambert to respond, the Court can only conclude that Lambert failed to respond to this discovery in a timely manner. As a result, any objections to this discovery have been waived, see Richmark Corp., 959 F.2d at 1473 (citations omitted) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."), and the Motion to

Compel [ECF No. 84] is **GRANTED** as to Defendant's interrogatories and requests for production.

Although the fact discovery cutoff in this case was January 25, 2016, (Case Management Conference Order 1, ECF No. 75), in light of the protracted delay and the parties cross-motions, the Court extends the discovery deadline to February 25, 2016, for the sole purpose of permitting Plaintiff to respond to Martinson's interrogatories and requests for production. Lambert must respond to these discovery requests by this date.

**2. Requests for admissions**

With regard to requests for admissions, Federal Rule of Civil Procedure 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing." FTC v. Medicor, LLC., 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002) (citation omitted).

Consistent with the self-executing nature of Rule 36(a), some courts have denied as unnecessary motions to deem matters admitted. See Foster v. Enenmoh, No. 1:08–cv–01849–LJO–SKO PC, 2012 WL 2872769, at *1 (E.D. Cal. July 12, 2012) ("In as much as there is no dispute between the parties that Defendant failed to serve a timely response to Plaintiff's requests for admission, the matters have been admitted and Plaintiff's motion for an order to that effect is denied as unnecessary."); Nieto v. Hodge, No. 1:10–cv–01397 AWI JLT (PC), 2012 WL 4833398, at *2 (E.D. Cal. Oct. 10, 2012) ("Because there is no need for a Court to determine that the matters are admitted, the motion is **DENIED** as unnecessary." (citing Smith v. Pac. Bell Telephone Co., Inc., 662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009))). Other courts, however, have deemed matters admitted in the context of granting motions to compel. See Sarver v. City of Bakersfield, No. 1:14–cv–00141–JLT, 2015 WL 1439935, at *5 (E.D. Cal. Mar. 27, 2015) ("Defendant's motion to compel discovery is **GRANTED**[.] . . . The requests for admissions are

**DEEMED ADMITTED**[.]"); see also Honor Plastic Indus. Co. v. Lollicup USA, Inc., No. 1:06cv0707 AWI DLB, 2007 WL 173772, at *3 (E.D. Cal. Jan. 19, 2007) (same).

Here, as mentioned, Plaintiff did not dispute Defendant's assertion that as of December 9, 2015, he had not responded to Martinson's requests for admissions. (See Mot. Compel Attach. #1 Mem. P. & A. 4, ECF No. 84 (citation omitted).) Although Lambert did submit to the Court a copy of his responses to Defendant's requests for admissions, these responses were served on Defendant on January 4, 2016, well past his thirty-day window for responding. (See Notice Doc. Discrepancy Attach #1 Pl.'s Responses 8, ECF No. 90.) In light of Lambert's untimely responses, the facts sought in Martinson's requests for admissions are deemed admitted as a matter of law. See U.S. ex rel. Kozak v. Chabad-Lubavitch Inc., No. 2:10–cv–01056–MCE–EFB, 2014 WL 6943944, at *8 (E.D. Cal. Dec. 9, 2014) (deeming a fact admitted as a matter of law where a party failed to respond to a request for admissions); Honor Plastic Indus. Co., 2007 WL 173772, at *3 ("Plaintiff's First Set of Requests for Admissions was served on August 21, 2006, making responses due on September 25, 2006. Defendant provided responses on November 10, 2006. Defendant's response was untimely and the requests are deemed admitted pursuant to Rule 36(a)." (citing Medicor LLC., 217 F. Supp. 2d at 1053)). Moreover, while some courts have denied motions to deem matters admitted as unnecessary, see Foster, 2012 WL 2872769, at *1; Nieto, 2012 WL 4833398, at *2, in the interest of judicial economy, this Court is more aligned with those courts that have granted such relief when ruling on a motion to compel. See Sarver, 2015 WL 1439935, at *5; Honor Plastic Indus. Co., 2007 WL 173772, at *3.

Accordingly, Defendant's Motion to Compel [ECF No. 84] is **GRANTED** as to the requests for admissions. The facts sought in these requests are deemed admitted as a matter of law.

This, however, does not completely resolve the discovery dispute. The Plaintiff, a state prisoner, did not oppose Martinson's Motion to Compel. But he did serve tardy responses to Defendant's requests for admissions. Although the Court has determined

that the admissions sought by the Defendant are established, "Rule 36 [of the Federal Rules of Civil Procedure] permits a court, on motion, to withdraw an admission. . . . [A] withdrawal or request to withdraw may be made orally or may be imputed from a party's actions." Chancellor v. City of Detroit, 454 F. Supp. 2d 645, 666 (E.D. Mich. 2006). In Chancellor, the plaintiff's denials to a defendant's requests to admit were three days late. The court held that the "[late] denials may be deemed the functional equivalent of a request to withdraw." Id.; accord Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1313 (8th Cir. 1983); White Consol. Indus. v. Waterhouse, 158 F.R.D. 429, 432 (D. Minn. 1994).

The Court will interpret Lambert's attempt to file tardy responses to Defendant's requests for admissions as the functional equivalent of a motion to withdraw admissions, especially in light of his status as a pro se prisoner. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' . . . . (citation omitted)); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[C]ourts must construe pro se pleadings liberally.")  Still, if Lambert seeks to withdraw the deemed admissions to Martinson's requests for admissions, he may, on or before February 11, 2016, file a motion to amend or withdraw his admissions under Rule 36(b) of the Federal Rules of Civil Procedure. Any motion should also address whether it is appropriate to extend the discovery cutoff to allow the withdrawal of deemed admissions and submission of Plaintiff's response.

## V.  CONCLUSION

For the reasons discussed, Plaintiff's Motion to Invalidate [ECF No. 77] is **DENIED,** and Martinson's Motion to Compel [ECF No. 84] is **GRANTED**. Lambert must respond to Defendant's interrogatories and requests for production by February 29, 2016. The facts sought by Martinson in his first set of requests for admissions are deemed admitted.

1   If Plaintiff seeks to withdraw the deemed admissions, on or before February 11,
2   2016, and as outlined above, he may file a motion to amend or withdraw his admissions.

4   IT IS SO ORDERED.

6   DATED:  February 3, 2016        _____
            Hon. Ruben B. Brooks
            United States Magistrate Judge

10  cc:    Judge Sammartino
           All Parties of Record